**SO ORDERED.**

**SIGNED this 6 day of October, 2014.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 13-01350-8-DMW |
| JUNE VALENTI, | |
| Debtor. | CHAPTER 13 |

| | |
|---|---|
| JUNE VALENTI and | |
| JOHN F. LOGAN, Chapter 13 Trustee, | |
| Plaintiffs, | ADVERSARY PROCEEDING NO. 14-00018-8-DMW |
| vs. | |
| JP MORGAN CHASE BANK, N.A., Defendant. | |

## ORDER DENYING MOTION TO DISMISS

This matter comes on to be heard upon the Motion to Dismiss[1] filed by JP Morgan Chase Bank, N.A. ("Defendant"). The court conducted a hearing in Raleigh, North Carolina on July 9,

---

[1] Also before the court were the Trustee's Objection to Confirmation and Motion to Dismiss filed by John F. Logan, Esq., the Chapter 13 trustee in the Debtor's bankruptcy case, and the Motion to Dismiss, or In the

2014. James C. Lanik, Esq. and Joseph M. Lischwe, Esq. appeared for the Defendant. Daniel Bradford, Esq.[2] appeared on behalf of both June Valenti ("Debtor") and John F. Logan, Esq. ("Trustee"), the Chapter 13 trustee. At the conclusion of the hearing, the court denied the Motion to Dismiss. Consistent with its ruling in open court and based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

A.   BACKGROUND

1.   The Debtor and her non-filing spouse ("Mr. Valenti") own real property ("Property") located at 149 Great Oak Drive in Garner, North Carolina. The Property is in Johnston County, North Carolina.

2.   On December 11, 2008, the Debtor and Mr. Valenti executed a Promissory Note in the original principal amount of $223,850.00 and a Deed of Trust ("DOT") in favor of the Defendant. The DOT granted the Defendant a security interest in the Property.

3.   The DOT was erroneously recorded with the Wake County Register of Deeds on December 19, 2008 in Book 13326, Page 2316. Wake County is adjacent to Johnston County.

4.   On November 18, 2010, the Debtor and Mr. Valenti filed a petition for relief under Chapter 7 of the United States Bankruptcy Code designated as Case No. 10-09536-8-JRL ("First Case"). The Defendant was scheduled as a secured creditor in the First Case.

5.   On December 7, 2010, less than three weeks after the Debtor and Mr. Valenti filed their petition and schedules in the First Case, an exemplified copy of the DOT bearing the Wake County Register of Deeds recording information was recorded in Book 3926, Page 771,

---

Alternative, Motion to Deny Confirmation of Plan, and Joinder in Trustee's Motion to Dismiss filed by the Defendant. These Motions were filed in the Debtor's bankruptcy case, and because they both rely in part on the court's determination of the Plaintiffs' claims in this Adversary Proceeding, the hearing on both Motions has been continued indefinitely.

[2] Mr. Bradford is also serving as counsel for the Debtor (Case No. 13-01350-8-DMW).

Johnston County Register of Deeds. It is unclear who filed the DOT in Johnston County, but the recording was a benefit to the Defendant and affected that bankruptcy estate.

6. The Debtor and Mr. Valenti received a discharge ("Discharge") pursuant to 11 U.S.C. § 727 in the First Case, and the court entered the Final Decree on February 28, 2011.

7. The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on March 2, 2013 ("Current Case"). Mr. Valenti has not filed a subsequent bankruptcy case.

8. In the Current Case the Debtor listed the Defendant as a secured creditor in Schedule D filed with the court.

9. On June 5, 2013, the Defendant filed a Proof of Claim asserting a secured claim in the amount of $262,171.93. Attached to the Proof of Claim was a copy of the DOT showing the recordation stamp from the Wake County Register of Deeds dated December 19, 2008.

10. On July 12, 2013, the Debtor filed an Objection to Claim, stating the following:

   a. Because the DOT was recorded in Wake County, rather than Johnston County, the recordation of the DOT never created a security interest in the Property, and the Defendant's claim was unsecured when the First Case was filed; and

   b. Because the DOT was rerecorded in Johnston County while the First Case was pending, the recordation was invalid, and the Defendant's claim was discharged in the First Case.

11. On August 16, 2013, the Debtor and the Defendant entered into a Consent Order agreeing that the appropriate procedure to determine the status of the Defendant's claim would be through an adversary proceeding.

12.     The Trustee and the Debtor ("Plaintiffs") filed the Complaint on February 4, 2014, alleging the following:

 a.     <u>Void *ab initio*</u>  The Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, stating that the filing of the DOT in the Johnston County Registry was a violation of the automatic stay provided by 11 U.S.C. § 362(a) in the First Case; that the DOT filed in Johnston County is void *ab initio*; and that the Defendant is required by law to cancel the DOT filed in Johnston County;

 b.     <u>Discharge Injunction and Automatic Stay</u>  The DOT filed in the Johnston County Registry continues to cloud title to the Property, and thus its presence on the record in Johnston County is a violation of the 11 U.S.C. § 524 discharge injunction with respect to the First Case, and is a continuous violation of the automatic stay provided by 11 U.S.C. § 362(a) in the Debtor's Current Case; and

 c.     <u>Lien Avoidance and Declaratory Judgment</u>  To the extent the Defendant seeks to reform the DOT, the Trustee is entitled to a declaratory judgment that any reformation rights provided by North Carolina law are barred by both the statute of limitations and the Trustee's assertion of his rights as a hypothetical judicial lien creditor under 11 U.S.C. § 544(a)(1).

13.     The Defendant disputes the Plaintiffs' allegations and filed the Motion to Dismiss and a Brief in Support of Defendant's Motion to Dismiss on April 7, 2014.

B.     JURISDICTION

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), as Defendant's claim is a claim against the estate, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

C. DISCUSSION

1. Standard of Proof

a. Rule 12 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012, allows a party to seek dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

b. "[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

c. As explained by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, a complaint, in order to withstand a Rule 12(b)(6) motion, must include sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007).

d. The Supreme Court elaborated on its *Bell Atlantic Corp.* decision in *Ashcroft v. Iqbal*, in which it stated that

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

556 U.S. 662, 678 (2009).

5

2. <u>Void or Voidable</u>

a. The Defendant asserts that the filing of the DOT while the First Case was pending, if found to be a violation of the automatic stay, was an action taken against the Chapter 7 estate which is voidable, rather than void *ab initio*.

b. In support of its position, the Defendant notes that the Fourth Circuit Court of Appeals has not yet decided whether actions in violation of an automatic stay are void or merely voidable. *See Winters v. George Mason Bank*, 94 F.3d 130, 136 (4th Cir. 1996). The Defendant cites *Houck v. Lifestore Bank*, 2013 U.S. Dist. LEXIS 64332 (W.D.N.C. May 6, 2013), for the proposition that if a stay violation may subsequently be validated by the court, then an act taken in violation of the automatic stay is voidable rather than void.

c. The Defendant asserts that if the filing of the DOT is voidable rather than void, then any avoidance action by the Chapter 7 trustee in the First Case would be subject to the statute of limitations provided in 11 U.S.C. § 549(d). The deadline for commencing an action to avoid the filing of the DOT pursuant to 11 U.S.C. § 549(d) was December 7, 2012, which is two years after the DOT was filed in Johnston County.

d. The court finds that there is overwhelming precedent that an act taken in violation of the automatic stay is void, rather than voidable. In a case decided under the Frazier-Lemke Act, the United States Supreme Court held that actions by a Walworth County, Wisconsin court to allow a foreclosure and eviction after the owners had filed for bankruptcy "was not merely erroneous but was beyond its power, void and subject to collateral attack." *Kalb v. Feuerstein,* 308 U.S. 433, 438 (U.S. 1940). Over seventy years later, courts in this district continue to rule consistently with *Kalb v. Feuerstein*. *See, e.g.*

*In re NCVAMD, Inc.*, 2013 Bankr. LEXIS 5434, at *9 (Bankr. E.D.N.C. Dec. 31, 2013) (citing *In re Carpenter*, 2010 Bankr. LEXIS 3292, at *6 (Bankr. E.D.N.C. Sept. 15, 2010) (finding that grantee's recordation of a deed during debtors' prior bankruptcy case was void *ab initio*, and because deed was never re-recorded, property became property of the estate in debtors' subsequent bankruptcy)); *see also McGuffin v. Barman* (*In re BHB Enters., LLC*) 1997 Bankr. LEXIS 2478, at *14 (Bankr. D.S.C. Aug 27, 1997) (holding that actions in violation of the stay are void even if they result in a benefit to the bankruptcy estate or the debtor); 3 COLLIER ON BANKRUPTCY ¶ 362.12 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

    e.    Under either the void or voidability alternatives, the Complaint states a claim upon which relief can be granted, and the Plaintiffs have sufficiently met their burden on this cause of action. Even if the facts were construed in the light most favorable to the Defendant and the DOT were viewed as merely voidable, the Motion to Dismiss would still be denied.

3.    <u>Standing</u>

    a.    The Defendant argues that regardless of whether the recordation of the DOT is void or voidable, only the Chapter 7 trustee from the First Case has standing to seek a declaratory ruling that the DOT recorded in Johnston County is void.

    b.    Plaintiffs' lack of standing, according to the Defendant, means that Plaintiffs have no way to challenge the validity of the DOT; therefore, the Plaintiffs have failed to state a claim upon which the requested relief can be granted.

    c.    The automatic stay is clearly meant to protect debtors, regardless of the fact that in a Chapter 7 bankruptcy, the trustee takes possession of the bankruptcy estate.

*See In re Advanced Ribbons & Office Products, Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. Cal. 1991) ("Those persons whom Congress has designated as beneficiaries of the stay have standing to assert its violation").  Standing cannot be limited to the Chapter 7 trustee because the action taken by the Defendant adversely affected the Debtor and the Debtor's estate.

        d.       The Plaintiffs have alleged sufficient facts that support that the Debtor or the Trustee has standing, and as a result, the Plaintiffs have sufficiently stated a claim upon which relief can be granted.

4.       <u>Discharge Injunction and Stay Violation</u>

        a.       The recording of the DOT in Johnston County, which action benefitted the Defendant, is an act against property of the estate.  That action is not allowed under Section 362(a).

        b.       The Defendant asserts that the limitations period for Plaintiffs to claim a violation of the discharge injunction or the automatic stay began running upon the recordation of the DOT in Johnston County, and has expired.  The Defendant has not established that the Debtor knew or should have known when the DOT was recorded in Johnston County.  Without that evidence, the court is hesitant to find, for purposes of the Motion to Dismiss, that the limitations period began on the date the DOT was recorded in Johnston County.

        c.       The Defendant also contends that because the DOT was recorded in Johnston County prior to the Discharge, the filing cannot be a violation of the discharge injunction. The Defendant is focusing on the wrong occurrence.  While the timing of the

8

DOT may not violate the discharge injunction, the assertion of a secured claim in the Debtor's Chapter 13 case might.

d. The Plaintiffs have plead sufficient facts to support a claim upon which relief can be granted with respect to this cause of action.

5. <u>Lien Avoidance and Declaratory Judgment</u>

a. Plaintiffs' third cause of action is asserted with the assumption that the Defendant may seek reformation of the DOT in an attempt to have it validly recorded. Under North Carolina Law, a party seeking reformation of a deed on the ground of mistake has three years from the discovery of the facts constituting the mistake to seek reformation. N.C. Gen. Stat. § 1-52(9).

b. Although the Plaintiffs have not yet provided any evidence to show when Defendant became aware of the mistake in recording the DOT, neither has Defendant provided any evidence to establish that the statute of limitations does not preclude reformation.

c. The Trustee could assert the rights of a hypothetical judicial lien creditor under 11 U.S.C. § 544(a)(1) and a declaratory judgment could be considered by the court.

d. The allegations of the third cause of action state a claim that is plausible on its face and survive the Motion to Dismiss.

D. CONCLUSION

While the Defendant has raised potential weaknesses in the Plaintiffs' causes of action, any shortcomings in the Complaint do not rise to a level that would constitute failure to state a claim upon which relief can be granted, and the Motion to Dismiss should be denied; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Motion to Dismiss be, and hereby is, **DENIED**.

**END OF DOCUMENT**